[Civ. No. 61289. Second Dist., Div. Five. Nov. 25, 1981.]

HILLEL CHODOS, Plaintiff and Appellant, v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant and
Respondent.

**COUNSEL**

Hillel Chodos, in pro. per., for Plaintiff and Appellant.

Brill & Hunt, Marshall T. Hunt, Horvitz & Greines, Ellis J. Horvitz and Gerald H. B. Kane, Jr., for Defendant and Respondent.

**OPINION**

**RALPH, J.**\*—Plaintiff below appeals from an order made July 11, 1980, which granted an ex parte application for stay of a writ of execution and the recall of a writ of execution.

Appellant contends that the court below erred in that it failed to recognize that the surety bond posted by respondent was not legally sufficient because it was issued by a wholly owned subsidiary of the respondent.

We do not agree that the court below erred.

The order is affirmed.

### BACKGROUND

The contested order was made after judgment was entered in the action of *Chodos* v. *Insurance Co. of North America* (1981), *post*, page 86 [178 Cal.Rptr. 831] the subject of a related appeal. After trial by jury

---

*Assigned by the Chairperson of the Judicial Council.

May 5, 1980, a judgment was entered in favor of plaintiff/appellant herein. Respondent subsequently moved for judgment notwithstanding the verdict and for a new trial, both of which were denied.

Prior to respondent's filing of the appeal in the related case, appellant levied on respondent's bank account. Respondent, on July 10, 1980, filed a notice of appeal in the related case and an undertaking under section 917.1 of the Code of Civil Procedure. Thereafter, on July 11, 1980, respondent, without notice to appellant, moved for the ex parte stay of the writ of execution and for an order that the writ of execution be recalled. These requests were granted resulting in the order under attack.

## DISCUSSION

Appellant does not base his appeal on the no-notice ex parte procedure utilized below but complains of the insufficiency of the surety bond because it is issued by a wholly owned subsidiary of respondent. Appellant, however, did not follow the prescribed statutory formula for objections to the sufficiency of the surety and the record is devoid of any factual information to review.

Code of Civil Procedure section 917.1 states in pertinent part: "The *perfecting of an appeal shall not stay enforcement* of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money ... *unless an undertaking is given* on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount directed of the judgment or order, or the part of it as to which the judgment or order is affirmed, ... *Such undertaking shall be for double the amount of the judgment* or order *unless given by a corporate surety* authorized to execute the same by Section 1056 in which event it *shall be for one and one-half times the amount of the judgment or order....*" (Italics added.)

Section 1056 of the Code of Civil Procedure permits: "In all cases where an undertaking or bond, with any number of sureties is authorized or required ... any corporate or reciprocal insurer, possessing a certificate of authority from the Insurance Commissioner authorizing it to write surety insurance defined in Section 105 of the Insurance Code may become and shall be accepted as security or as sole and sufficient

surety upon such undertaking or bond, and such corporate surety shall be subject to all the liabilities and entitled to all the rights of natural persons' sureties."

An examination of the "Undertaking Under Section 917.1 of the Code of Civil Procedure" filed herein July 10, 1980, by respondent/defendant, issued by surety, Pacific Employers Insurance Company is, on its face, valid and complies with Code of Civil Procedure section 1056. Further, "Proof of Service by Mail" indicates on July 10, 1980, appellant was mailed a copy of the undertaking.

If the appellant, having been served with the undertaking on July 10, 1980, wished to object to the surety, he was permitted, by the provisions of section 922 of the Code of Civil Procedure, *to except to the sufficiency of the sureties at any time within 10 days after notice of the filing of such undertaking.* He, thus, could have entered his exceptions on or before July 20, 1980. This he did not do.

If appellant wished to *ensure* corporate justification he was required to comply with Code of Civil Procedure section 1057b which reads: "A corporate surety, as provided in Section 1057a, *shall not be required to justify* unless the person excepting to the sufficiency of the surety serves and files:

"(1) The county clerk's certificate provided for in Section 1057a stating that the surety has not been certified to him by the Insurance Commissioner as an admitted surety insurer or that the certificate of the surety has been surrendered, revoked, canceled, annulled or suspended and not thereafter renewed; or

"(2) An *affidavit stating facts which establish the insufficiency of the bond or surety.*" (Italics added.)

Nothing in the record indicates that appellant filed any exceptions or complied with the requirement of Code of Civil Procedure section 1056 so that there could be a hearing regarding the sufficiency of the surety in the lower court.

The legislative intent is set out clearly in the statutory scheme outlined above and is exclusive. ▇ The appellant has waived his right to except and cannot, by his appeal, request this court to invade the

province of the trial court and conduct an inquiry into the sufficiency of the surety.

The court below, therefore, did not err.

The order is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied December 21, 1981.